25791.   PRICE *v.* THE STATE.

Decided September 11, 1936.

*Claude V. Driver,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

Broyles, C. J.   Two persons, Ross Price and Grady Reeves, were charged in the same indictment with appearing in an intoxicated condition on a public street, to wit, Lipham Street, in the City of Tallapoosa, Georgia, on July 24, 1935; and that their intoxication "was then and there caused by the excessive use of intoxicating wines, beers, liquors, [or] opiates, and was then and there made manifest by boisterousness and by indecent conduct and acting, and by vulgar, profane, and unbecoming language, and by the loud and violent discourse of the said Ross Price and Grady Reeves."   Ross Price interposed a demurrer in which he moved that the indictment be dismissed on the following grounds: "1. Because said indictment charges defendant and Grady Reeves jointly with the offense of being drunk on a certain public street in the city of Tallapoosa. 2. Because the offense of [being] drunk on a public street or highway is a separate offense, and is not an offense that can be committed jointly by two or more parties."

The question raised by the demurrer is a novel one, but, in our opinion, is controlled in principle by the ruling in *Chapman* v. *State,* 148 *Ga.* 531, 532 (97 S. E. 546).   In that case several persons were jointly indicted for murder.   The defendants filed a plea in abatement, in which they prayed that the indictment be quashed on the ground that it was void, because all of the defendants were *jointly* indicted as principals and as the actual perpetrators of the crime, and that no legal evidence had been introduced before the grand jury connecting one of the defendants (Harp) with the offense, "and no evidence was offered before the grand jury tending to show his guilt, either independently or in connection with any of the defendants named."   The judge sus-

tained a demurrer to the plea in abatement, and to that judgment one of the defendants (Chapman) excepted. The Supreme Court, in affirming the judgment, held: "The indictment, properly construed, must be treated as a separate indictment against *each* defendant." Applying the principle of that ruling to the facts of the instant case, the judge did not err in overruling the demurrer to the indictment. The remaining assignment of error, based on the overruling of the defendant's motion for new trial, is expressly abandoned in the brief of counsel for the plaintiff in error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*